**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2616-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

IVERY BRINSON,

    Defendant-Appellant.

_____

Submitted May 22, 2025 – Decided June 4, 2025

Before Judges Mawla and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-05-1420.

Ivery Brinson, appellant pro se.

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ivery Brinson appeals from a March 19, 2024 order denying his second petition for post-conviction relief (PCR) based on ineffective

assistance of counsel, without an evidentiary hearing. Because the PCR court correctly determined the arguments presented were insufficient to sustain defendant's burden, we affirm.

I.

On June 21, 2017, a jury convicted defendant of: first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; first-degree robbery, N.J.S.A. 2C:15-1; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree conspiracy to commit carjacking, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-2; first-degree carjacking, N.J.S.A. 2C:15-2; second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a), following the 2013 robbery, shooting and death of a convenience store owner, and subsequent carjacking of another victim as he fled the scene. Defendant was sentenced to an aggregate term of life plus thirty-years imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On direct appeal, we affirmed defendant's conviction and sentence, State v. Brinson, No. A-2124-17 (App. Div. Jan. 31, 2019), and our Supreme Court denied his petition for certification. State v. Brinson, 230 N.J. 418 (2017).

Defendant subsequently filed a timely pro se petition for PCR on September 5, 2019, which was supplemented by assigned counsel. On February 1, 2021, the PCR court issued a written opinion denying defendant's petition without an evidentiary hearing, which we upheld on May 24, 2023. State v. Brinson, No. A-1750-21 (App. Div. May 24. 2023).

On September 8, 2023, defendant refiled his second PCR petition. He alleged PCR counsel failed to provide effective assistance of counsel by: (1) "withdrawing [defendant's m]otion to [c]ompel [d]iscovery, which deprived him of rights to obtain a[] full and complete copy of his discovery"; (2) "failing to advance [defendant's] meritorious claims ([p]rosecutor[ial m]isconduct and Brady[1] [c]laims)"; (3) "failing to provide [defendant] with a copy of the State['s r]eply [b]rief in a timely manner, [defendant] did not receive a copy of the State['s b]rief until after the . . . PCR hearing was held"; (4) "failing to properly inform and prepare [defendant] regarding the scheduled PCR hearing, which was conducted via telephone"; and (5) "fail[ing] to allow [defendant] to speak with PCR [c]ounsel . . . in private[] prior and/or during the . . . hearing."

On February 27, 2024, the PCR court issued a comprehensive and well-reasoned written opinion denying defendant's second PCR petition. The court

---

1 Brady v. Maryland, 373 U.S. 83 (1963).

addressed each of defendant's claims PCR counsel was ineffective by "fail[ing] to pursue all of the claims [defendant] wanted to assert, withdrawing the pro se discovery motion, and otherwise allegedly failing to meet [defendant's] expectations of timely communication" in turn.

The court first examined defendant's claims under the Rule 3:22-6(b) procedural bar, concluding "many of the claims [defendant] believes his first PCR counsel should have raised were substantively and/or procedurally barred under R[ule] 3:22-4 and R[ule] 3:22-5[.]" It also found defendant "has not provided the [c]ourt with additional facts to support his claim that PCR counsel should have pursued additional claims on his behalf." The court next addressed the Strickland v. Washington prongs. 466 U.S. 668, 687 (1984). Regarding the first prong, the court found "[defendant] has not provided the [c]ourt with additional facts to support his claim that PCR counsel should have pursued additional claims on his behalf." Addressing Strickland's second prong, the court reasoned that because he provided no evidence that counsel's inactions prejudiced him in any way, his claims could not prevail.

As to defendant's claim PCR counsel was ineffective "due to the withdrawal of his pro se motion to compel discovery," the court relied on State v. Marshall, and noted defendants generally have no right to discovery in PCR

proceedings. 148 N.J. 89, 270 (1997), cert. denied, 522 U.S. 850 (1997). The court stated "[t]he filing of a petition for PCR is not a license to obtain unlimited information from the State, but a means through which a defendant may demonstrate to a reviewing court that he was convicted or sentenced in violation of his rights." Ibid. It concluded defendant "sought to review the prosecutor's file in an attempt to find some ground for collaterally attacking his conviction."

The court rejected defendant's argument PCR counsel was ineffective because counsel did not provide him with "a copy of the State's reply brief or otherwise notif[y him] of the . . . PCR hearing in a timely manner[.]" It reasoned, "[n]othing in the federal or State constitutions guarantees a . . . defendant good rapport with or confidence in [their] defense attorney; the constitutional guarantee is of effective assistance of counsel, not familiarity and confidence." (Emphasis omitted). The court determined "[t]he record . . . does not demonstrate prejudice in the representation provided by [defendant's] first PCR [counsel] because of a lack of timely notice or communication with" defendant.

In addressing defendant's final argument, that the court failed to allow him to speak privately with his counsel during the hearing, the PCR court found "[t]here is simply no proof to support the contention that [it] in anyway

prevented [defendant] and counsel for his first PCR from communicating with one another off of the record." The record showed:

> PCR counsel was familiar with both the underlying record and [defendant's] claims. Therefore, [d]efendant's contentions are not supported by the record. And, even if [defendant] did not believe he had ample opportunity to communicate with his first PCR [counsel], such did not prejudice him as indicated in the underlying record.

The court found no basis or "specific instance in which the PCR court committed an alleged error." As a result, defendant failed to meet his burden to establish "good cause" for the assignment of counsel to represent him in his second PCR petition.

Defendant raises the following arguments for our consideration on appeal:

> POINT I
>
> RULE 3:22-6(B) ONLY STATES THAT A DEFENDANT MUST SHOW GOOD CAUSE FOR REPRESENTATION OF COUNSEL; HOWEVER IT DOES NOT GIVE THE COURT THE AUTHORITY TO DENY . . . PCR IN ITS ENTIRETY BECAUSE GOOD CAUSE WAS NOT SHOWN. DEFENDANT[']S MATTER SHOULD BE REMANDED TO THE TRIAL COURT TO BE GIVEN THE OPPORTUNITY TO FILE A BRIEF, APPENDIX[,] AND CERTIFICATION IN SUPPORT OF THE PCR [PETITION] TO FULLY COMPLETE THE RECORD.

6

POINT II

[DEFENDANT] IS ENTITLED TO A NEW TRIAL [BECAUSE] DEFENDANT'S PCR COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL. VIOLATING DEFENDANT'S SIXTH AMENDMENT RIGHTS. U.S. CONST. AMENDS VI; XIV; AND N.J. CONST. ART. I PAR. 10.

POINT III

ENFORCEMENT OF PROCEDURAL BARS [UNDER RULE] 3:22-4 AND [RULE] 3:22-5 [AS] TO POINT II TO DEFENDANT'S CLAIMS HEREIN WOULD CONSTITUTE A FUNDAMENTAL INJUSTICE. [DEFENDANT'S] CLAIMS SHOULD BE HEARD ON THE MERITS IN THE INTEREST OF JUSTICE AND FAIRNESS.

POINT IV

THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING O[N] INEFFECTIVE ASSISTANCE OF COUNSEL. DEFENDANT'S MATTER SHOULD BE REMANDED FOR A FULL EVIDENTIARY HEARING.

II.

We review the denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that both: (1) "counsel's performance was deficient" and (2)

"counsel's errors were so serious as to deprive the defendant of a fair trial." Strickland, 466 U.S. at 687; see State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015).

Under the "'second, and far more difficult prong of the' Strickland standard," State v. Gideon, 244 N.J. 538, 550 (2021) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)), a defendant "must show that the deficient performance prejudiced the defense." State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

Proof of prejudice under Strickland's second prong "is an exacting standard." Id. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). A defendant seeking PCR "must 'affirmatively prove prejudice'" to satisfy the second prong of the Strickland standard. Ibid. (quoting Strickland, 466 U.S. at 693).

"Under Rule 3:22-4, a defendant is barred from raising any issue in a PCR petition that could have been raised on direct appeal unless one of three enumerated exceptions apply." State v. Wildgoose, 479 N.J. Super. 331, 344 (App. Div. 2024) (citing State v. Nash, 212 N.J. 518, 546 (2013)). Those exceptions are: (1) "the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding"; (2) "enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or" (3) "denial of relief would be contrary to a new rule of constitutional law under either the" federal or State constitutions. R. 3:22-4(a).

Additionally, a PCR petition "is not . . . a substitute for appeal from conviction," Rule 3:22-3, and the Supreme Court has articulated "[a] defendant ordinarily must pursue relief by direct appeal, and may not use [PCR] to assert a new claim that could have been raised on direct appeal." State v. McQuaid, 147 N.J. 464, 483 (1997) (citation omitted) (first citing R. 3:22-3; and then citing R. 3:22-4). "[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." Preciose, 129 N.J. at 476 (citing R. 3:22-5 ).

Defendant argues he satisfied the "good cause" standard for the

assignment of PCR counsel and is entitled to a new trial due to PCR counsel's ineffective assistance. He maintains his first PCR counsel failed to pursue all of his claims, and was ineffective for withdrawing his pro se discovery motion, which "would have clearly proved his alleged Brady violations." Defendant additionally asserts counsel failed to adequately communicate with him during the PCR process and the court should relax all procedural bars in the interest of justice. He maintains that based on the above, he has presented a prima facie claim of ineffective assistance of counsel and is entitled to an evidentiary hearing.

Guided by the above legal principles, we reject defendant's arguments and affirm the PCR court's decision substantially for the reasons set forth in the court's cogent written decision. We add the following comments to amplify our opinion.

We begin by acknowledging a common theme, whereby defendant cites to the relevant case law but provides little to no factual and legal support. It is axiomatic that "to establish a prima facie claim [of ineffective assistance of counsel], a [defendant] must do more than make bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). As the PCR court found,

defendant's claims amount to bald assertions that cannot form the basis of a successful PCR.  Ibid.

Addressing defendant's argument enforcement of the procedural bar under Rule 3:22-4(a) would constitute a fundamental injustice, we note he merely asserts we should relax all procedural bars in the interest of justice and fundamental fairness.  He does not, however, address which specific claims we ought to relax the rule to permit.  In its opinion, the second PCR court noted that defendant's claims of prosecutorial misconduct were addressed in his first PCR petition and affirmed, thus, those claims were barred.

Defendant also does not address the enumerated exceptions or state how they apply.  The PCR court, however, concluded none of the exceptions apply. Defendant did not establish enforcement of the bar would result in a fundamental injustice, and his allegations of potential prosecutorial misconduct were already addressed in his previous PCR petition and affirmed on appeal.  Therefore, the court was barred "from reconsideration of these well-trodden grounds pursuant to R[ule] 3:22-5[,] being that such arguments were already deemed meritless." In examining the record before us, we reject defendant's contentions and discern no error in the court's analysis and determination of this issue.  R. 3:22-4(a).

As to defendant's contention he is entitled to a new trial because PCR

counsel withdrew his pro se discovery motion, we note defendant does not specify what his pro se discovery motion would have yielded or how any such documents gleaned from his discovery request would have altered the outcome of the proceeding or his conviction. Relying on Marshall, the PCR court properly concluded a defendant has no right to discovery in PCR proceedings to investigate possible claims, because PCR proceedings are "a means for vindicating actual claims." 148 N.J. at 270 (quoting People v. Gonzalez, 51 Cal.3d 1179, 1261 (1990)).

Because defendant fails to articulate how discovery at the PCR stage would have aided his defense, or why his request for discovery would satisfy the narrow corridor applicable to permissible discovery at the PCR stage, he cannot establish PCR counsel's performance was deficient in failing to file a meritless discovery motion. Strickland, 466 U.S. at 687. Moreover, defendant does not meet the second prong of Strickland, as he fails to support his contention PCR counsel's alleged ineffective assistance prejudiced him in any way. Ibid.

The court also properly rejected defendant's contention first PCR counsel failed to communicate with him regarding "the claims [he] wanted to assert." Again, defendant's argument is devoid of any support. He does not explain the

specific claims he wished to pursue or how his first PCR counsel's performance was deficient related to those claims, and defendant does not discuss how the alleged inadequate advocacy would have altered the outcome of his conviction at trial.

Turning to defendant's claim the court erred in failing to assign second PCR counsel, misinterpreted the "good cause" standard in Rule 3:22-6(b), and denied the opportunity to file a brief, appendix, and a certification in support of the PCR application, we similarly reject these claims as meritless. Our review of the record persuades us the court properly addressed these contentions. In addressing defendant's right to assignment of second PCR counsel, the court concluded he had failed to meet his burden of establishing "good cause" to warrant the assignment of PCR counsel because all of his claims were without merit.

Rule 3:22-6(b) provides:

> Upon any second or subsequent petition filed pursuant to this Rule attacking the same conviction, the matter shall be assigned to the Office of the Public Defender only upon application therefor and showing of good cause. For purposes of this section, good cause exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under R[ule] 3:22-4.

[Emphasis added.]

Applying the Rule, we are not persuaded the court erred in deciding defendant failed to meet his burden to establish "good cause" warranting the assignment of counsel on his second PCR petition. The Rule states good cause exists "only when the court finds that a substantial issue of fact or law requires the assignment of counsel." Here, defendant cannot meet the good cause standard required for the assignment of counsel because his ineffective assistance of counsel arguments lack merit and, thus, there is no substantial issue of fact or law requiring the assignment of counsel.

In a related argument, defendant maintains he was denied the opportunity to file a brief, appendix, and certification in support of his PCR petition and the court erred in denying his petition on the papers. He avers that had he been permitted to file a brief, he would have articulated facts and instances demonstrating counsel's errors. We similarly reject these contentions as meritless because there was nothing preventing defendant from filing a merits brief explaining the basis for his legal arguments. Moreover, his failure to do so defies logic given that he had previously filed merits briefs in his first PCR petition.

Lastly, because the court properly found defendant failed to establish a prima facie case of ineffective assistance of counsel under <u>Strickland</u>, he was not entitled to an evidentiary hearing. 466 U.S. at 687; <u>R.</u> 3:22-10(b). To the extent we have not addressed any of defendant's arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division